610 May 15, 2024 No. 322

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Svetlana ELIAS,
*Plaintiff-Appellant,*

*v.*

Britany NELSON,
*Defendant-Respondent.*

Clackamas County Circuit Court
19CV50861; A179622

Ulanda L. Watkins, Judge.

Argued November 7, 2023.

Willard Merkel argued the cause for appellant. Also on the briefs was Merkel & Associates.

Leslie A. Kocher-Moar argued the cause for respondent. Also on the brief was MacMillan, Scholz & Marks, LLC.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff appeals from a judgment awarding her $20,000 in damages plus costs for her negligence claim against defendant. Plaintiff assigns error to two trial court rulings. First, plaintiff argues that there was insufficient evidence in the record to support the "less-satisfactory evidence" jury instruction (UCJI 12.01) given by the trial court. Second, plaintiff argues that the testimony of defendant's biomechanist was both irrelevant under OEC 401 and more prejudicial than probative under OEC 403. For the following reasons, we reject both assignments and affirm the judgment of the trial court.

A full recitation of the facts would not benefit the bench, the bar, or the public. Plaintiff sued defendant for negligence following a motor vehicle accident. Before trial, defendant requested that plaintiff produce a W-2 and pay stubs showing her lost wages, which plaintiff never did. Defendant requested a "less-satisfactory evidence" instruction, arguing that plaintiff failed to produce the requested and verifiable wage documentation. The trial court read that instruction to the jury, which ultimately returned a verdict in favor of plaintiff. Defendant also sought to introduce testimony from a biomechanist. Plaintiff objected to that testimony as not relevant under OEC 401 and unfairly prejudicial under OEC 403 because defendant had already conceded the issue of liability. The trial court overruled plaintiff's objection and the biomechanist ultimately testified that people who experience crash forces similar to plaintiff generally "experienced either no injury at all or minor whiplash-type injury."

Plaintiff first argues that the trial court erred in giving the less-satisfactory evidence instruction. Plaintiff contends that the error was not harmless because the jury might have improperly concluded, based on defendant's counsel's closing argument, that there was better evidence available on the nature and extent of plaintiff's *physical* injuries. Plaintiff's argument conflates two unrelated portions of the trial. The trial court gave the less-satisfactory evidence instruction because plaintiff testified to her lost wages and provided what she testified was an employer-filled wage loss

form at trial. But in discovery she had previously refused to provide any W-2 forms, pay stubs, or timecards to confirm her lost wages. In other words, plaintiff's contention that the less-satisfactory evidence instruction was not harmless (because of defense counsel's comment about physical injury) is not sufficiently related to the evidence at issue or the trial court's actual ruling (wage loss testimony). *See State v. Starr*, 269 Or App 97, 110, 344 P3d 100, *rev den*, 357 Or 415 (2015) ("Generally, an error is not harmful unless a substantial right of a party is affected or the error affected the verdict.") Further, plaintiff never objected to defendant's closing argument as improper or alerted the court that it related in any way to the dispute over the less-satisfactory evidence instruction. *See* ORAP 5.45(4) ("Each assignment of error must demonstrate that the question or issue presented by the assignment of error timely and properly was raised and preserved in the lower court.").

In plaintiff's second assignment of error, she argues that the biomechanist's testimony that "most people" exposed to crash forces similar to plaintiff's "experienced either no injury at all or minor whiplash type-injury" is irrelevant to determining the nature and extent of plaintiff's specific injuries in this case. Reviewing the court's OEC 401[1] ruling for legal error, we disagree. *State v. Cunningham*, 337 Or 528, 536, 99 P3d 271 (2004) (applying legal error standard to OEC 401 ruling).

In *Durette v. Virgil*, 272 Or App 545, 356 P3d 639, *rev den*, 358 Or 527 (2015), we addressed a similar question to the one we address here. In that case we concluded that a biomechanist need not "determine whether a particular individual would be injured in a particular collision." *Id.* at 557. Instead, we must determine whether the biomechanist's opinion had a "'tendency to make the existence of any fact that is of consequence to the determination of the action *more probable or less probable* than it would be without the evidence.'" *Id.* (quoting OEC 401 (emphasis added)). Yet, plaintiff insists that "biomechanist testimony about

---

[1] OEC 401 defines relevant evidence as evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

the *probability* of an injury that might be sustained by an individual when exposed to a given force is not relevant." (Emphasis in original.) That argument is neither supported by our holding in *Durette* nor OEC 401. On the contrary, it is precisely because the biomechanist's testimony relates to the probability of plaintiff having incurred either no or only a minor injury that the testimony is relevant.

Plaintiff further contends that because defendant had already conceded that injury occurred, the biomechanist's testimony was no longer relevant. That argument fails to consider that the biomechanist's testimony was also probative of which injuries plaintiff incurred. As the trial court succinctly put, "if you all stipulated to the injury *** it would not be relevant. But [defendant is] *** arguing the extent or level or the type of injury[.]" The trial court did not err in concluding that the biomechanist's testimony was at least minimally relevant under OEC 401.

Plaintiff also argues that the biomechanist's testimony was more prejudicial than probative and should have been excluded under OEC 403.[2] Plaintiff argues that the biomechanist's testimony "invited the jury to speculate that [p]laintiff's evidence of substantial injury was questionable when 'most people' in the 'studies' relied upon by the biomechanist had not been equally injured." Reviewing for abuse of discretion, as we must, we conclude that the trial court did not err. *State v. Escobar*, 322 Or App 69, 72, 519 P3d 137 (2022). For evidence to be unfairly prejudicial under OEC 403, the evidence must create "an undue tendency to suggest a decision on an improper basis." *State v. Lawson/James*, 352 Or 724, 758, 291 P3d 673 (2012) (citing *State v. Lyons*, 324 Or 256, 280, 924 P2d 802 (1996)). Plaintiff argues that the biomechanist's testimony created an improper basis by suggesting that the jury "compare the nature and extent of Plaintiff's specific injuries with what crash-test volunteers reported." As discussed, a biomechanist need not "determine whether a particular individual would be injured in a particular collision." *Durette*, 272 Or App at 557. It is proper

---

[2] OEC 403 provides in relevant part that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

for a jury to consider evidence regarding injuries that "generally occur" in an accident when deciding which injuries a particular plaintiff actually incurred. Plaintiff cites no authority to suggest otherwise.

Affirmed.